Matter of Woolfolk v New York City Board/Dept. of Educ. (2018 NY Slip Op 03765)





Matter of Woolfolk v New York City Board/Dept. of Educ.


2018 NY Slip Op 03765


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6681 101107/16

[*1]In re Ellen Woolfolk, Petitioner-Appellant,
v
New York City Board/Department of Education, et al., Respondents-Respondents.


Glass Krakower LLP, New York (Bryan D. Glass of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Megan E.K. Montcalm of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered May 26, 2017, which denied the petition to set aside respondents' determination sustaining petitioner's ineffective annual performance rating for the 2013-2014 school year on the ground that she waived her right to initiate any legal or equitable claims in a Stipulation of Settlement, granted respondents' cross motion to dismiss the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
In June 2015, following an ineffective year-end rating for the 2013-2014 school year, petitioner was served with formal misconduct charges pursuant to Education Law § 3020-a, which related to the 2012-2013, 2013-2014, and 2014-2015 school years. On December 14, 2015, prior to the adjudication of those charges, petitioner entered into a Post-Charge Stipulation of Settlement to discontinue the action. Subsequently, petitioner administratively appealed her ineffective rating for the 2013-2014 school year, which was rejected, and then commenced this article 78 proceeding.
Supreme Court properly dismissed the petition. It is well settled that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (W.W.W. Assoc. v Giancontieri , 77 NY2d 157, 162 [1990]). Here, pursuant to the clear and express terms of the stipulation of settlement, petitioner waived her right to file a claim in court relating to any matter arising from or relating to her employment prior to December 2015, including this challenge to the 2013-2014 year-end ineffective rating.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK